Filed 5/8/26  P. v. Dunston CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KEVIN DUNSTON,<br><br>  Defendant and Appellant. | B340265<br><br>Los Angeles County<br>Super. Ct. No.<br>23PDCF00048 |

  APPEAL from a judgment of the Superior Court of Los Angeles County, Donna Hollingsworth, Judge.  Affirmed.

  Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

  Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

—————————

Kevin Dunston took a bottle of tequila from a store without paying and waved a knife at employees who asked for its return. He had two prior robbery convictions and was on parole. Dunston challenges this robbery conviction and the court's upper-term sentence. We affirm. Unspecified citations are to the Penal Code.

Sean Macias and Kenneth Hall were two managers at a Stater Bros. Market in Pasadena. On December 9, 2023, Macias saw Dunston put a bottle of tequila inside his jacket. Dunston headed for the door. Macias asked Dunston to return the bottle or pay for it. Dunston said he would not, and threw some papers and unrelated receipts toward Macias and Hall before leaving.

Hall and Macias followed Dunston out. They were within a few feet of Dunston at this point. They again asked Dunston to return the bottle. Dunston replied "I feel threatened. Back up." He held up a folding pocket knife. That scared Macias and Hall, and Macias told Hall not to engage further.

Police arrested Dunston. The jury convicted him of robbery. Dunston waived his right to a jury trial on his prior convictions and the court found true that Dunston had two prior convictions for robbery, he had served a prison term for those convictions, and he had been on parole when he took the tequila.

The trial court reviewed the probation report, arguments from counsel, and the evidence presented at trial. The court struck one of Dunston's priors and sentenced him to the upper term of five years, doubled for the prior strike, for a total of 10 years. The trial court calculated 289 days of credit. Dunston appealed the conviction and the sentence.

## I

We review the robbery conviction for substantial evidence. (*People v. Johnson* (1980) 26 Cal.3d 557, 576 (*Johnson*).)

Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.)

The evidence was more than sufficient to convict Dunston of robbery. Dunston took a bottle of tequila from a store without paying for it, over the objections of two employees. The employees followed Dunston out of the store. He told them to "back up" and held out a knife, which was a threat of violence should they continue to pursue him. Dunston left with the bottle.

Dunston protests there was no evidence he opened the knife, and he was five feet from the employees when he pulled it from his pocket – "out of their immediate presence," according to him. This is irrelevant. When you tell someone to "back up" and you take out a knife, everyone understands what that means. Everyone also knows that it does not take much to unfold a folded knife, or suddenly to lunge five feet forward. Macias and Hall each testified to their fear. This evidence satisfied the fear element.

Dunston does not challenge evidence supporting the other elements of robbery.

## II

We review a trial court's decision to impose a particular sentence for abuse of discretion. (*People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182 (*Nicolas*).) In exercising her discretion to select one of the three authorized terms of imprisonment, the sentencing judge may consider circumstances in aggravation or

mitigation.  (Cal. Rules of Court, rule 4.420(b).)  Only a single aggravating factor is necessary to empower the trial court to impose the upper term.  (*Nicolas*, *supra*, at p. 1182.)

The court had discretion to choose the upper term in this case.  The California Rules of Court, rule 4.421(b) lists factors the court can consider to move the sentence from the presumptive mid term to the upper term.  These include serving a prior prison term (subdivision (b)(3)) and committing the current crime while on parole (subdivision (b)(4)), both of which the trial court found true of Dunston.  One factor alone can justify the upper term. (*Nicolas*, supra, at p. 1182.)

The court properly doubled the upper term under section 1170.12, subsection (c)(1), after finding it true that Dunston previously had been convicted of a serious felony.

Dunston argues "the facts of the case and [his] personal circumstances justified imposition of a low term sentence." Though his briefing does not say so, he appears to reference section 1170, subdivision (b)(6), which requires the trial court to choose the low term if the defendant "has experienced psychological, physical, or childhood trauma" that "was a contributing factor in the commission of the offense" unless the court also finds that the aggravating circumstances outweigh the mitigating circumstances "such that imposition of the lower term would be contrary to the interests of justice."

Dunston does not point to evidence in the record supporting this argument.  He did not submit a sentencing brief or present evidence to the trial court on this point.  During the sentencing hearing, Dunston's counsel argued, without evidence, that he believed Dunston's criminal record showed mental health

4

problems and drug use.  Vague statements unsupported by evidence do not trigger the low term presumption.

III

The abstract of judgment filed August 20, 2024 incorrectly states Dunston was convicted pursuant to a plea.  We agree with the People this error should be corrected.

**DISPOSITION**

We affirm the conviction and sentence.  We remand to the trial court with directions to correct the abstract of judgment to show a jury convicted Dunston.


WILEY, J.

We concur:


STRATTON, P. J.


SCHERB, J.

5